[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISQUALIFY (#126)
This is a personal injury action brought by the plaintiff, Carol Horch (Horch) against, inter alia, the defendant, United of Omaha Life Insurance Company (United). Horch seeks damages for an injuries allegedly sustained when she slipped and fell on an accumulation of ice and snow in a parking lot allegedly controlled and maintained by United.
Horch's complaint is dated July 9, 1998 and was returned to court on August 11, 1998. The Law Offices of Arthur Millman appeared on behalf of Horch. On August 18, 1998, Attorney Andrew O'Shea filed an appearance on behalf of United. The appearance was for the firm of Smith Ketaineck Musco and was signed by Attorney O'Shea. Thereafter, Attorney O'Shea filed a number of pleadings on behalf of United including the answer and special CT Page 8777 defense. In January, 1999, Attorney O'Shea left the firm of Smith Ketaineck Musco and joined the Law Offices of Arthur Millman which as noted above represents Horch in this case. United now moves for the disqualification of Attorney Millman as plaintiff's attorney on the grounds that a conflict of interest exists by virtue of Attorney O'Shea's association with the Millman firm.
United asserts that Rule 1.10(b) mandates Attorney Millman's disqualification. As applicable here, Rule 1.10(b) provides:
 When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same . . . matter in which that lawyer . . . had previously represented a client whose interest are materially adverse to that person and about whom the lawyer has acquired information protected by Rules 1.6 and 1.9(2) that is material to the matter.[1]
Based on this rule, United claims that Attorney O'Shea's conflict of interest is imputed to Attorney Millman thereby prohibiting continued representation of the plaintiff.
Horch objects to the disqualification on both factual and legal grounds. While acknowledging that Attorney O'Shea worked for Smith Ketaineck Musco and participated in the representation of United in this case, Horch asserts that the Millman law firm strictly observed screening and protective measures to avoid a conflict of interest. In his affidavit, Attorney O'Shea details the "Chinese Wall" efforts to exclude him from the case. Such efforts include: 1) refraining from communications regarding any aspect of the case; 2) a total lack of access to the file; and 3) not being in the vicinity of attorneys or staff while they have been working on the case. In addition, Attorney Millman's affidavit confirms the prophylactic measures used to exclude Attorney O'Shea from any contact with this case, and also states that, in a further effort to avoid the appearance of a conflict of interest, the law firm of RisCassi and Davis was brought in to file an appearance in addition to Attorney Millman. Based on the above measures, Horch claims that disqualification is inappropriate.
In Goldenberg v. Corporate Air, Inc., 189 Conn. 504 (1983), our Supreme Court identified three competing interests that are at stake when a motion to disqualify counsel is made to the court. As applicable to this case, those three interests can be stated as follows: first, Horch's interest in freely selecting CT Page 8778 counsel of her choice; second, United's interest in protecting its confidential information from disclosure to an adversary in the pending litigation; and third, the public's interest in the scrupulous administration of justice Id., 507.
In this case, Horch has chosen to be represented by Attorney Millman and objects to the defendant's efforts to disqualify him from the case. Disqualification of a party's chosen counsel is a harsh remedy that should be resorted to sparingly. Temkin v.Temkin, 10 Conn. L. Rptr. No. 5, 127 (Nov. 8, 1993, Picket, J.). On the other hand, United has a right to expect that its lawyer will not disclose its secrets. Goldenberg v. Corporate Air, Inc., supra, 512. Where the opportunity for disclosure of confidential information to an adversary is shown, the breach of confidence would not have to be proved; it is presumed in order to preserve the spirit of the Code. Hall v. Celanese Corporation,513 F.2d 568, 572 (2d Cir. 1975).
The question of disqualification of Attorney Millman turns on whether, in fact, an opportunity for disclosure of confidential information to Attorney Millman has been shown. The court credits the affidavits of Attorneys Millman and O'Shea. Based on those affidavits, no opportunity for disclosure of confidential information ever existed as a result of Attorney O'Shea's employment with the Millman firm. It is apparent that this issue was anticipated and immediate efforts were made to seal off Attorney O'Shea from this case.
As the public's interest in the administration of justice, or stated another way, the interest in avoiding the appearance of impropriety, that alone is rarely adequate to support a disqualification order. State v. Jones, 180 Conn. 443, 452-453
(1980). Where as here, there is no indication of a betrayal of trust by the former counsel nor any indication that his new employer has gained any advantage in the case, disqualification on appearance grounds alone is unnecessary. Moreover, the measures taken to "wall off" Attorney O'Shea from the file in order to prevent disclosure of confidential information also undercut any appearance of impropriety because, as a practical matter, Attorney O'Shea is no longer involved in the case in any capacity.
For the reasons set forth above, the motion to disqualify the law office of Arthur Millman from continued representation of the plaintiff in this case is denied. The court orders, however, that CT Page 8779 Attorney Andrew O'Shea have no contact whatsoever with the case including access to the file, discussions about the case with the lawyers and staff handling the case, or any other activity that could be construed as an opportunity to disclose confidential information he acquired from United.
So Ordered at New Haven, Connecticut this 1st day of July, 1999.
Devlin, J.